LAURA I. HERLAN, APPELLEE AND CROSS-APPELLANT, V. FRANK J. BLECK, APPELLANT AND CROSS-APPELLEE.

30 N. W. 2d 620

Filed January 16, 1948.   No. 32320.

*Blackledge & Sidner,* for appellant and cross-appellee.

*Dryden & Jensen,* for appellee and cross-appellant.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LIGHTNER, District Judge.

MESSMORE, J.

This is an action in equity to require the defendant to account for certain funds in the amount of $1,500, advanced by the appellee to the appellant. For convenience, the appellant will hereafter be referred to as defendant, and the appellee as plaintiff.

The record discloses that the plaintiff, age about 70, is the widow of Henry R. Herlan who died testate February 8, 1944. Under the terms of his last will and testament, she became the owner of all of his property, real and personal, for and during the period of her natural life. She was named executrix in the will, declined to serve, and the defendant, her son-in-law, was appointed administrator with the will annexed. The will was admitted to probate March 8, 1944. In the afternoon of February 8, 1944, the defendant inquired of the plaintiff if she had on hand any funds, stating that he had made a check and there were insufficient funds to pay the funeral expenses and the expenses of the last illness of her husband. On February 9, 1944, she advanced him $1,500 of her own money for such expenses, and this amount was deposited in his account. While there is some controversy as to whether or not this money was given by the plaintiff to her daughter who in turn

gave it to the defendant, such fact, if true, is not material. The defendant did receive $1,500 of the plaintiff's money and placed it in his own account.

There was previous litigation between the parties, Herlan v. Bleck, 148 Neb. 816, 29 N. W. 2d 636. While this case is referred to in the instant case, it is not material to be considered in a determination of the same.

Final decree was entered in the estate of Henry R. Herlan, deceased, and the administrator discharged on July 13, 1944.

In the estate matter the administrator filed a claim April 2, 1944, showing, in account with him, amounts paid for cemetery lot, funeral, funeral services, telephone calls, obituary notice, and cards of thanks totaling $774.30, less credits; ceiling price for 1941 tractor, $662.20; 5,200 lbs. prairie hay, $12.50 per ton, $32.50, total $694.70, leaving a total of $79.60, the latter figure constituting the amount the estate owed him. This money he received.

The defendant testified to expenditures in the amount of $1,226.24 out of the $1,500 he obtained from the plaintiff, itemizing the account in the record and in part by certain exhibits appearing therein, all of which were considered by the trial court in arriving at the accounting. We deem it unnecessary to set forth the separate items constituting the amount claimed to have been spent by the defendant out of the $1,500. However, from a review of the record we conclude that the trial court made a proper accounting.

The plaintiff, on April 19, 1946, filed a petition in the estate matter to vacate the final decree and to charge the defendant herein, in his representative capacity as administrator, with the sum of $1,500. The issues were joined, and on August 3, 1946, the county court entered judgment, finding generally for the defendant, Frank J. Bleck, as administrator, and against the petitioner; further finding from the evidence that Frank J. Bleck had fully accounted for all assets of this estate coming into

his possession as administrator; that no fraud had been committed by him in the administration of this estate, and dismissed the plaintiff's petition. Thereafter the plaintiff brought the instant action against the defendant individually as distinguished from his representative capacity as administrator, praying for an accounting of the $1,500. The defendant, by his pleadings, sought to show that he had made a full and complete accounting, and in addition thereto, had performed services and labor for the plaintiff of the reasonable and fair value of $275. The district court found that the defendant had accounted for, and was entitled to receive credit for, expenditures in the amount of $451.86, and was further entitled to the amount of $273.84 for services and labor furnished the plaintiff, making a total amount for which defendant had accounted to plaintiff of the said sum of $1,500 in the amount of $725.70; that by virtue of said accounting, there was due from the defendant to the plaintiff on said accounting, the sum of $774.30 for which sum the plaintiff was entitled to judgment, and judgment was entered accordingly.

The defendant filed a motion for new trial which was overruled, and the plaintiff filed a motion for new trial, moving the court to vacate that portion of the judgment entered allowing the defendant the sum of $273.76 credit for services performed by the defendant at plaintiff's instance. This motion was likewise overruled. The defendant appeals, and the plaintiff cross-appeals from that portion of the judgment as indicated in her motion for new trial.

The defendant assigns as error that the findings and judgment of the trial court are contrary to the law and the evidence; that the trial court erred in admitting and considering evidence of the final account of the defendant in his representative capacity as administrator of the estate of the plaintiff's husband; that the trial court erred in charging the defendant with debit items of a claim filed against the estate of the plaintiff's husband without

considering or determining the credit items of the same claim, or the actual amount received from such claim; and that the trial court committed prejudicial error in permitting evidence of items of the estate to be placed in evidence and to enter judgment based solely on such evidence.

It is clear that the only items with which we are concerned are the items that amount to $774.30, as heretofore appears in the claim filed in the estate matter by the defendant. The defendant took the plaintiff's money to pay the funeral expenses and bills of the estate, filed a claim in the estate in which he was administrator, and had the sum returned to him upon the final accounting. The defense that the defendant should not be required to account to the plaintiff because the county court approved his account with reference to the estate, is not tenable. All the plaintiff is showing is that the defendant paid the funeral bill and expenses out of the funds advanced by the plaintiff, and then received them back in the accounting in the estate. There is no prejudicial error in permitting evidence to show the above relevant and material facts.

While the defendant's pleadings indicate that the plaintiff's instant action is barred for the reason that she filed an action against the defendant in his representative capacity in the county court to set aside and vacate the final decree, the defendant does not assign or predicate error in such respect and does not challenge the right of the plaintiff to pursue two separate actions, but contends the attempt of the plaintiff to interlock these separate actions was evident as indicated by the plaintiff's pleadings.

The judgment entered in the county court was in favor of the defendant as administrator and that he fully accounted for all of the assets of this estate coming into his possession as administrator. There was no determination of the funds that had been advanced to the defendant by the plaintiff prior to his appointment as admin-

istrator. The funds sought to be accounted for in the instant action are the funds that were advanced to the defendant prior to his appointment as administrator.

Under the circumstances, the question of res judicata is not here for determination.

As stated by the defendant, this appeal primarily presents questions of fact, and is a trial de novo in this court.

Upon appeal, when the testimony of witnesses orally examined by the court on the vital issues is conflicting, the Supreme Court will, while trying the case de novo, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of facts rather than the opposite. See Watkins v. Waits, 148 Neb. 543, 28 N. W. 2d 206; Green v. Green, 148 Neb. 19, 26 N. W. 2d 299.

From an examination of the record with reference to the defendant's claim for services and labor furnished the plaintiff and for which the trial court rendered judgment in defendant's favor for $273.84, there was no agreement made between the plaintiff and defendant with reference to payment to be made to the defendant for services rendered. According to the defendant's testimony, he had decided to charge for the services and labor depending upon the attitude of his wife's sister, an heir, or upon the plaintiff's death, as a claim against her estate. The services performed by the defendant were purely an incident to family relationship that ordinarily occurs in such situations, and the record affirmatively shows that the defendant intended to perform such services gratis to his mother-in-law. The plaintiff is entitled to receive a further credit in the accounting, in the sum of $273.84, as contended for in her cross-appeal.

The case is remanded to the district court with directions to enter judgment in conformity with this opinion.

AFFIRMED AS MODIFIED.